Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| RICARDO JIMÉNEZ Y/O MANUEL E. JIMÉNEZ RODRÍGUEZ<br><br>Parte Recurrida<br><br>v.<br><br>VMC MOTOR CORP. H/N/C AUTO GRUPO FORD<br><br>Parte Recurrente | KLRA202400404 | Revisión administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.: SAN-2023-0016141<br><br>Sobre: Talleres de Mecánicas de Automoviles |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparece ante nos FRD Toa Baja, LLC h/n/c Auto Grupo Ford (en adelante Auto Grupo) solicitando la revisión de una *Resolución* emitida por Departamento de Asuntos del Consumidor (DACo) el **16 de mayo de 2024.** En dicho dictamen final el DACo declaró ha lugar la querella presentada por el señor Ricardo Jiménez y Manuel E. Jiménez concediéndoles los remedios solicitados[1].

Auto Grupo en desacuerdo con el dictamen presentó oportunamente una *Moción de Reconsideración*[2]. En apretada síntesis, en ella indicaron que no participaron de los procedimientos administrativos ante el DACo, porque nunca fueron notificados a su dirección correcta. Así las cosas, el **21 de junio de 2024** y notificada el 26 de junio de 2024, el DACo acogió la solicitud de

---

[1] Los querellantes solicitaban el reconocimiento de una garantía extendida que habían comprado por $4,000.00, rembolso de gasto por reparaciones y la reparación por garantía del vehículo Ford Transit del año 2017.
[2] La solicitud de reconsideración fue presentada ante el DACo el 10 de junio de 2024.

Número Identificador

SEN2024_____

reconsideración, reconoció el defecto en las notificaciones a Auto Grupo y emitió *Relevo de Resolución y Notificación de Querella.* En este nuevo dictamen dejó sin efecto la *Resolución* del 16 de mayo de 2024 y ordenó el comienzo de todos los procedimientos administrativos[3].

Ante los incidentes procesales y luego de que el DACo atendiera su reconsideración favorablemente, Auto Grupo solicitó, mediante moción de 2 de agosto de 2024, que se desestimara el recurso de revisión judicial.

**I.**

Un recurso prematuro es aquel que se presenta en la secretaría del foro apelativo antes de que adquiera jurisdicción. *Pueblo* v. *Ríos Nieves,* 209 DPR 264, 274 (2022). Este tipo de recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal que se recurre. *Íd.* La desestimación de un recurso prematuro tiene el efecto de que se pueda volver a presentar una vez el foro apelado resuelva lo que tenía ante su consideración. *Íd.* El Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción. *Íd.* Asimismo, todo recurso prematuro carece de eficacia y por lo tanto no produce efecto jurídico alguno, ya que al momento de ser presentado el tribunal no tiene autoridad para acogerlo. *SLG Szendry Ramos* v. *F. Castillo,* 169 DPR 873, 875 (2007). En esa línea, el foro que tenga ante su consideración un caso prematuro no debe conservarlo con la intención de reactivarlo por medio de una *Moción Informativa.* *Íd.*

**II.**

En el caso ante nuestra consideración, el DACo mediante resolución en *Relevo de Resolución y Notificación de Querella,*

---

[3]Auto Grupo acude ante nos en revisión judicial el 29 de julio de 2024, porque ignoraba que el DACo había acogido la reconsideración y relevado la *Resolución* del 16 de mayo de 2024. Auto Grupo mediante *Moción Informativa* presentada el 2 de agosto de 2024, informó que recibió la notificación de la *Resolución de Relevo* el 1 de agosto de 2024.

emitida el 21 de junio de 2024, adquirió nuevamente la jurisdicción en el caso de *Ricardo Jiménez y Manuel E. Jiménez* v. *VMC Motor Corp. h/n/c Auto Grupo Ford,* Querella SAN-2023-0016141. Mediante el referido dictamen, dejó sin efecto la *Resolución* de 16 de mayo de 2024 y ordenó nuevamente la notificación de la querella a la dirección correcta. Es decir, los trámites administrativos ante el DACo comenzaron nuevamente y al presente no existe un dictamen final revisable. Consecuentemente, corresponde desestimar el mismo por ser **prematuro,** ya que, al presente, no poseemos jurisdicción para atender el recurso.

**III.**

Por los fundamentos que anteceden, desestimamos el *Recurso* de *Revisión* presentado y se ordena la continuación de los trámites administrativos correspondientes.

**Notifíquese.**

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones